IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 23-267 T

(Judge Molly Silfen)

TERRY W. KWONG,

                                                                                                                Plaintiff,

v.

THE UNITED STATES,

                                                                                                                 Defendant

_____

DEFENDANT'S ANSWER TO THE COMPLAINT

_____

      Defendant, the United States, in answer to the complaint of plaintiff, Terry W. Kwong, denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

      1.  Admits that the complaint seeks a recovery of penalties paid by Plaintiff for the 2007, 2010, 2011, 2015, and 2016 tax years.

      2.  Avers that jurisdiction, to the extend it exists, would be based on 28 U.S.C. § 1491.

      3-4.  States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4 of the complaint.

      5.  Admits the allegations in paragraph 5 of the complaint.

6. Avers that the allegations in paragraph 6 of the complaint constitute legal conclusions to which no reply is required. To the extent a response is required, defendant denies the allegations in paragraph 6 of the complaint.

7. Defendant avers that the certificate of assessments and payments for plaintiff's 2007 year shows a $0 balance. Defendant further avers that the balance was $0 because the IRS removed $53,446.39 of tax on plaintiff's 2007 account because it was uncollectable, not because it was satisfied by plaintiff as alleged in paragraph 7 of the complaint. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the complaint.

8. Avers that plaintiff's Form 843 for 2007 was filed on April 7, 2020, not March 20, 2020, as alleged in paragraph 8 of the complaint.

9. Avers that plaintiff's Form 843 for 2007 sought a refund of $84,000.00; states that, at the present time, defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the complaint.

10. Admits the allegations in paragraph 10 of the complaint.

11. Avers that the certificate of assessments and payments for plaintiff's 2010 year shows a $0 balance; states that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the remaining allegations in paragraph 11 of the complaint.

12. Avers that plaintiff's Form 843 for 2007 was filed on April 7, 2020, not March 20, 2020, as alleged in paragraph 12 of the complaint.

13. Avers that plaintiff's Form 843 for 2010 sought a refund of $35,033.00; states that, at the present time, defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the complaint.

14. Admits the allegations in paragraph 14 of the complaint.

15. Avers that the certificate of assessments and payments for plaintiff's 2011 year shows a $0 balance; states that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the remaining allegations in paragraph 15 of the complaint.

16. Avers that plaintiff's Form 843 for 2011 was filed on April 7, 2020, not March 20, 2020, as alleged in paragraph 16 of the complaint.

17. Avers that plaintiff's Form 843 for 2011 sought a refund of $72,867.00; states that, at the present time, defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the complaint.

18. Admits the allegations in paragraph 18 of the complaint.

19. Avers that the certificate of assessments and payments for plaintiff's 2015 year shows a $0 balance; states that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the remaining allegations in paragraph 19 of the complaint.

20. Avers that plaintiff's Form 843 for 2015 was filed on April 7, 2020, not March 20, 2020, as alleged in paragraph 20 of the complaint.

21. Avers that plaintiff's Form 843 for 2015 sought a refund of $10,727.00; states that, at the present time, defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the complaint.

22. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the allegations in paragraph 22 of the complaint.

23. Avers that the certificate of assessments and payments for plaintiff's 2016 year shows a $0 balance; states that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the remaining allegations in paragraph 23 of the complaint.

24. Avers that plaintiff's Form 843 for 2015 was filed on April 7, 2020, not March 20, 2020, as alleged in paragraph 24 of the complaint.

25. Avers that plaintiff's Form 843 for 2015 sought a refund of $318,519.00; states that, at the present time, defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the complaint.

26. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the allegations in paragraph 26 of the complaint.

27-34. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27 through 34 of the complaint.

35. Admits that plaintiff failed to timely pay his 2007, 2010, and 2011, tax liabilities; also admits that plaintiff failed to timely file his 2010 return; denies the remaining allegations in paragraph 35 of the complaint.

36-37. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36 and 37 of the complaint.

38. Admits that plaintiff was assessed penalties for each of his 2007, 2010, and 2011 years; denies the remaining allegations in paragraph 38 of the complaint.

39. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 40 of the complaint; denies the remaining allegations in paragraph 40 of the complaint.

41-42. Denies the allegations in paragraphs 41 and 42 of the complaint.

43. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 43 of the complaint; denies the remaining allegations in paragraph 43 of the complaint.

44. Admits that on April 15, 2017, a credit in the amount of $318,519.00 was transferred from plaintiff's 2016 year to satisfy an outstanding liability for his 2007 year; denies the remaining allegations in paragraph 44 of the complaint.

45-46. Denies the allegations in paragraphs 45 and 46 of the complaint.

47. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint.

48. Defendant reiterates and incorporates its responses to paragraphs 1-47 of the complaint.

49. Defendant avers that plaintiff filed his 2007 return on October 8, 2008, and reported tax due on that return in the amount of $265,261.00, and a withholding credit totaling $4,149.00, which is the only payment made at the time plaintiff's return for 2007 was filed; denies the remaining allegations in paragraph 49 of the complaint.

50-51. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50 and 51 of the complaint.

52. Admits that the IRS assessed various penalties against plaintiff for 2007 related to failure to pay the tax he owed for that year; denies the remaining allegations in paragraph 52 of the complaint.

53-55. The allegations in paragraphs 53 through 55 of the complaint constitute legal conclusions to which no reply is required. To the extent a response is required, defendant demies the allegations in paragraphs 53 through 55 of the complaint.

56. Denies the allegations in paragraph 56 of the complaint.

57. The allegations in paragraph 57 of the complaint constitute legal conclusions to which on reply is required. To the extent a response is required, defendant denies the allegations in paragraph 57 of the complaint.

58. Denies the allegations in paragraph 58 of the complaint.

59. Defendant reiterates and incorporates its responses to paragraphs 1-58 of the complaint.

60. Avers that plaintiff filed his 2010 return on February 14, 2012, not March 19, 2012, as alleged in paragraph 60 of the complaint; admits that plaintiff's 2010 return reported $155,270.00 in tax owed and withholding credits totaling $22,476.00, which is the only payment made at the time plaintiff's return for 2010 was filed; denies the remaining allegations in paragraph 60 of the complaint.

61-63. Denies the allegations in paragraphs 61 through 63 of the complaint.

64. Admits that plaintiff filed a Form 843 seeking a refund of $35,033 for 2010; demies the remaining allegations in paragraph 64 of the complaint.

65. Defendant reiterates and incorporates its responses to paragraphs 1-64 of the complaint.

66. Avers that plaintiff filed his return for 2011 on October 15, 2012, reporting $267,995.00 in tax owed and withholding credits totaling $6,646.00, which is the only payment made at the time plaintiff's return for 2011 was filed; denies the remaining allegations in paragraph 66 of the complaint.

67-69. Demies the allegations in paragraphs 67 through 69 of the complaint.

70. Admits that plaintiff's Form 843 for 2011, claims a refund in the amount of $72,867; denies the remaining allegations in paragraph 70 of the complaint.

71. Defendant reiterates and incorporates its responses to paragraphs 1-70 of the complaint.

72. Admits that plaintiff filed his 2015 return on October 14, 2016; denies the remaining allegations in paragraph 72 of the complaint.

73. Denies the allegations in paragraph 73 of the complaint.

74. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the allegations in paragraph 74 of the complaint.

75-81. Denies the allegations in paragraphs 75 through 81 of the complaint.

82. Admits that plaintiff's Form 843 for 2016, claims a refund in the amount of $10,727.00; denies the remaining allegations in paragraph 82 of the complaint.

83. Defendant reiterates and incorporates its responses to paragraphs 1-82 of the complaint.

84. Admits the allegations in paragraph 84 of the complaint.

85. Admits that the IRS applied an overpayment on plaintiff's 2016 return to satisfy an outstanding liability for plaintiff's 2007 year; denies the remaining allegations in paragraph 85 of the complaint.

86. States that, at the present time, defendant lacks knowledge or information sufficient to form a belief at to the truth of the allegations in paragraph 86 of the complaint.

87-94. Denies the allegations in paragraphs 87 through 94 of the complaint.

Wherefore, defendant respectfully requests that the complaint of plaintiff, Terry W. Kwong, and further relief requested by plaintiff, including any costs and attorneys' fees, be dismissed with prejudice; and that the Court award any, and all, additional relief for defendant that the Court may deem appropriate, including costs and attorneys' fees.

Respectfully submitted,

s/Benjamin C. King, Jr.
BENJAMIN C. KING JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
202-307-6506 (v)
202-514-9440 (f)
Benjamin.C.King@usdoj.gov

        DAVID A. HUBBERT
         Deputy Assistant Attorney General
        DAVID I. PINCUS
         Chief, Court of Federal Claims Section
        MARY M. ABATE
         Assistant Chief

         <u>s/Mary M. Abate</u>
         Of Counsel

September 18, 2023