IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 23-267 T
(Judge Molly R. Silfen)

TERRY W. KWONG,

                Plaintiff,

v.

THE UNITED STATES,

                Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant responds to the issues raised in Plaintiff's Response (Dkt. 30) as follows:

### I.  Plaintiff has abandoned his 2015 tax year claim

As an initial matter, Plaintiff does not even attempt to defend (or mention) the 2015 tax year in his Response, so he has abandoned that tax year and Defendant is entitled to summary judgment on that claim. *See Cui v. FBI*, 551 F. Supp. 3d 4, 16 (E.D.N.Y. 2021) ("Where a partial response to a motion for summary judgment is made—i.e., referencing some claims or defenses but not others[—]in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.") (cleaned up) (collecting cases).

### II.  Section § 6532(a) is jurisdictional under current, binding Federal Circuit law

Plaintiff cites to out-of-circuit caselaw to argue that 26 U.S.C. § 6532(a) is not jurisdictional.  But under current, binding Federal Circuit caselaw, § 6532(a) is jurisdictional and contains "no equitable exception" for tolling.  *RHI Holdings, Inc. v. United States*, 142 F.3d

1459, 1463 (Fed. Cir. 1998); *see Weston v. United States*, 2022 WL 1097361 at *1 (Fed. Cir. Apr. 13, 2022) (unpublished) ("[F]ailure to file a timely complaint under § 6532(a)(1) deprives the Claims Court of subject matter jurisdiction.") (citing *RHI Holdings*, 142 F.3d at 1461–63).[1] Plaintiff's cited nonbinding caselaw cannot supersede this precedent.

  Plaintiff then argues Defendant should be foreclosed from raising his failure to timely file suit because Defendant did not include a statute of limitations defense in its Answer (Dkt. 16). As just discussed, § 6532(a)'s statute of limitations is jurisdictional under current Federal Circuit law, and therefore it cannot be waived and can be raised at any time.  RCFC 12(b)(1); (h)(3). Moreover, even if § 6532(a) was not jurisdictional, a technical omission does not require waiver of the defense; "[t]he purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give the opposing party notice of the affirmative defense and a chance to respond." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005); *see Lua v. United States*, 123 Fed. Cl. 269, 276 n.13 (2015).  "The determinative factor is whether there is unfair surprise or prejudice." *Abou-el-Seoud v. United States*, 136 Fed. Cl. 537, 557 (2018) (citing *Cities Serv. Helex, Inc. v. United States*, 543 F.2d 1306, 1313 n. 14 (Ct. Cl. 1976)).

  Plaintiff cannot claim any unfair surprise or prejudice regarding the statute of limitations. *See id.*  While the timeliness of Plaintiff's 2007, 2010, and 2011 claims was not raised as an affirmative defense in the Answer, Defendant explicitly raised this jurisdictional defect in the first paragraph of the parties' Joint Preliminary Status Report on November 6, 2023—less than

---

[1] The Federal Circuit has reaffirmed that statutes like 26 U.S.C. § 7422(a) are jurisdictional under existing caselaw, but it has suggested in dicta that "it may be time to reexamine that case law[.]" *Walby v. United States*, 957 F.3d 1295, 1299 (Fed. Cir. 2020).  Nonetheless, § 6532(a) remains jurisdictional under current, and binding, Federal Circuit caselaw.  *See RHI Holdings*, 142 F.3d at 1461–63.

two months after the Answer was filed and roughly a year and a half before Defendant's summary judgment motion was filed. Dkt. 17 at 1 ("Defendant believes plaintiff's suit for the years 2007, 2010, and 2011, was not timely filed, so that the Court lacks jurisdiction over those claims."). Plaintiff has also had a full and fair opportunity to respond to and brief this issue in his Response.

Accordingly, Plaintiff's claims for 2007, 2010, and 2011 are untimely and should be dismissed for lack of jurisdiction.

### III. Plaintiff's appeal to a superseded version of § 7508A does not save his untimely suit filing

Plaintiff conjures a novel theory to excuse his untimely suit filing. He argues that the 60-day postponement period in § 7508A(d) stayed the obligations of essentially all taxpayers to submit a claim, file suit, or take any other action noted in § 7508(a)(1), from January 20, 2020, through July 10, 2023. Dkt. 30 at 10–14.

Plaintiff's argument suffers from at least one fatal, obvious flaw—the version of § 7508A he relies upon was superseded long before this case was filed. The current version of § 7508A, amended on November 15, 2021, provides in relevant part that the postponement period ends "on the date which is 60 days after the later of such *earliest incident date* described in subparagraph (A) or *the date such declaration was issued*." 26 U.S.C. § 7508A(d)(1) (2021) (emphasis added); *compare with* 26 U.S.C. § 7508A(d)(1) (2019) (postponement period ends "on the date which is 60 days after the *latest incident date* so specified.") (emphasis added). Under the current and applicable version of § 7508A, therefore, the postponement period would end no later than May 12, 2020 (60 days after the declaration date of March 13, 2020, which is the later date when compared to the "earliest incident date" of January 20, 2020, specified in Plaintiff's Response, Dkt. 30 at 10, 13). Thus, the postponement period in § 7508A has no application here

3

because the 2007, 2010, and 2011 claims were disallowed in October of 2020, months after the postponement period had ended.

Plaintiff relies heavily upon the Tax Court's decision in *Abdo v. Comm'r*, 162 T.C. 148 (2024). However, the *Abdo* case does not support his position because the Tax Court was analyzing whether a petition was timely filed under the previous version of § 7508A, which version was in effect when the *Abdo* petition was filed on July 10, 2020. *Abdo*, 162 T.C. at 150. This case was filed on February 23, 2023, so the amended (and current) version of § 7508A would apply,[2] including the postponement period end date of "the later of [the] earliest incident date . . . or the date such declaration was issued."

Under the version of § 7508A in effect at the time this case was filed, the postponement period in § 7508A(d) ended no later than May 12, 2020. Plaintiff's claims for 2007, 2010, and 2011 were disallowed in October of 2020, so the postponement period could not affect the running of § 6532(a)'s two-year limitations period here. Plaintiff filed this case on February 23, 2023—more than two years and three months after the IRS disallowed the claims for refund—and therefore his claims for 2007, 2010, and 2011 are jurisdictionally barred.[3]

---

[2] To the extent Plaintiff argues that the previous version of § 7508A should apply to this case because his claims were disallowed while that version was in effect, that argument falls flat. "Retroactivity concerns . . . generally do not bar the application of a changed statute of limitations to a complaint filed after the amendment." *Vernon v. Cassadaga Valley Cent. School Dist.*, 49 F.3d 886, 890 (2d Cir. 1995); *see Jana, Inc. v. U.S.*, 34 Fed. Cl. 447, 449–50, n.4 (1995) ("The 1986 amendment to § 3731(b) applies retroactively, and therefore governs even those claims arising before 1986."). And there are no reliance concerns here because Plaintiff still had nearly a year after § 7508A was amended to file suit. *Cf. Vernon*, 49 F.3d at 891 (Cabranes, J. concurring). While the postponement period in § 7508A(d) is not a statute of limitations *per se*, the same principles support the application of the current version of § 7508A which was in effect at the time this case was filed.

[3] Defendant notes that Plaintiff is represented by the same counsel who filed his 2007, 2010, and 2011 claims for refund. App. at 91–110.

### IV.  Plaintiff cannot challenge his 2007 assessment in his 2016 claim

Plaintiff details the alleged merits of his 2007 claim in arguing that there is a triable issue for the 2016 tax year. Dkt. 30 14–16. As discussed in Defendant's Motion, Plaintiff could only challenge his 2007 penalty assessment in his 2007 Form 843, and not as an afterthought in his 2016 Form 843. *See Green-Thapedi v. United States*, 549 F.3d 530, 532 (7th Cir. 2008) ("[W]hen the IRS applies an overpayment as a credit to a liability for a separate tax year, the taxpayer must file a refund claim for the year in which the IRS applied the credit.") (citations omitted); *see also Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948) ("Each year is the origin of a new liability and of a separate cause of action."). In turn, Plaintiff may only challenge the 2007 penalty assessment in his 2007 claim and the 2016 penalty assessment in his 2016 claim. *See Green-Thapedi*, 549 F.3d at 532. Plaintiff's insistence to shoehorn his 2007 assessment into his 2016 claim appears to be an impermissible attempt to circumvent the salient defect with the timeliness of his 2007 claim.

Turning to the 2016 penalty assessment, Plaintiff again discusses it imprecisely. Plaintiff was assessed a single penalty for 2016, totaling $1,929.98, for failure to pay estimated taxes. *See* 2016 Form 843, App. at 119 ("The Internal Revenue Service ('IRS') assessed failure to make estimated tax payments against Terry Kwong for the 2016 tax year in the amount of $1,929."). And he again asserts, without support, that the alleged "improper allocation" of his tax overpayment from the 2016 tax year to the 2007 tax year somehow caused or contributed to the 2016 § 6654 estimated tax penalty assessment. Not so.

Plaintiff's 2016 § 6654 penalty was based on his failure to make sufficient payments throughout the 2016 tax year to satisfy his tax liability; he paid only $6,684 through withholding and ultimately owed $88,164 in tax liabilities. 2016 Form 4340, App. at 89. Therefore, he failed

5

to pay his estimated tax liabilities throughout the tax year as required by § 6654, and the treatment of his subsequent payment of $400,000 on April 15, 2017, was irrelevant to that determination. And even the most cursory review of the 2016 certified transcript—which is attached to Plaintiff's Complaint as well as Defendant's Motion—reveals that the transfer of the 2016 overpayment had no bearing on the 2016 penalty; the overpayment was transferred out only *after* Plaintiff's 2016 tax liability was *fully satisfied*. *See* 2016 Form 4340, App. at 89 ("04-15-2017 Overpaid Credit Transferred 1040 200712" for $316,590.02). On this record, Plaintiff's continuing assertion that the transfer of the 2016 overpayment somehow caused or contributed to the 2016 penalty borders on the frivolous. It certainly does not create a triable issue for this Court.

Finally, it does not appear that Plaintiff argues any of the limited exceptions to § 6654 penalties apply to the 2016 penalty. *Compare* Dkt. 30 at 14–16 *with* Dkt. 29 at 9–11. Nor does it appear that he challenges the IRS' authority to apply overpayments from one tax year to a taxpayer's liabilities in other tax years.[4] Accordingly, there is no triable issue for Plaintiff's 2016 claim and Defendant is entitled to summary judgment on that claim.

## V.     Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion (Dkt. 29) in full, to include dismissing Plaintiff's claims for the 2007, 2010, and 2011 tax years for lack of jurisdiction and finding as a matter of law that Plaintiff cannot prevail on his claims for refund of the 2015 and 2016 penalties.

---

[4] It bears noting that it is unclear what relief a taxpayer could even receive if an overpayment was "improperly" transferred to satisfy the taxpayer's other legitimate tax liabilities; it does not appear such a taxpayer would be entitled to a refund. *See, e.g.,* 26 U.S.C. § 6402(a).

| | |
|---|---|
| June 11, 2025 | */s/ Tanner Stromsnes*<br>TANNER STROMSNES<br>Attorney of Record<br>U.S. Department of Justice – Tax Division<br>Court of Federal Claims Section<br>Post Office Box 26<br>Ben Franklin Station<br>Washington, DC 20044<br>Voice: (202) 307-6547<br>Fax:   (202) 514-9440<br>tanner.stromsnes@usdoj.gov<br><br>JASON BERGMANN<br>Assistant Chief, Court of Federal Claims Section<br>ANDI M. HAMMACK<br>Trial Attorney |
| June 11, 2025 | */s/ Jason Bergmann*<br>Of Counsel<br><br>Attorneys for the United States |